**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUDICIAL WATCH, INC.,            )
425 Third Street SW, Suite 800   )
Washington, DC 20024,            )
                                 )
            Plaintiff,            )
                                 )         Civil Action No.
v.                               )
                                 )
U.S. DEPARTMENT OF JUSTICE,      )
950 Pennsylvania Avenue NW       )
Washington, DC 20530-0001,       )
                                 )
            Defendant.            )
_____  )

## COMPLAINT

Plaintiff Judicial Watch, Inc. ("Plaintiff") brings this action against Defendant U.S.

Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. §

552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.       Plaintiff Judicial Watch, Inc. ("Plaintiff") is a not-for-profit, educational

organization incorporated under the laws of the District of Columbia and headquartered at 425

Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency,

accountability, and integrity in government and fidelity to the rule of law. As part of its mission,

Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes

the responses it receives and disseminates its findings and any responsive records to the

American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice ("DOJ") is an agency of the United States

Government and is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530-

0001.  On information and belief, DOJ has possession, custody, and control of records to which

Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On May 26, 2017, Plaintiff submitted a FOIA request to the Federal Bureau of

Investigation ("FBI"), a component of DOJ, seeking the following records:

> **1.   Any and all records related to any investigations or preliminary
> investigations involving former congressional IT support staffers Abid Awan,
> Imran Awan, Jamal Awan, and Hina R. Alvi. As part of this request,
> searches should of records [sic] should include, but not be limited to, the FBI
> automated indices, its older manual indices, and its Electronic Surveillance
> (ELSUR) Data Management System (EDMS), as well as cross-referenced
> files.**
>
> **2.   Any and all records of communication sent to or from FBI employees,
> officials or contractors involving the subjects in bullet item 1.**

The timeframe for the requested records was identified as "May 2015 to the present."

6.      By a letter dated June 19, 2018, the FBI acknowledged receipt of Plaintiff's

request.  The letter stated that the request had been assigned FOIAPA Request No. 1377626-000.

The letter further stated that the FBI could neither confirm nor deny the existence of the records,

which, if they existed, would be exempt from disclosure under various FOIA exemptions.

7.      Following a timely administrative appeal (Appeal No. DOJ-AP-2017-005310),

DOJ affirmed the denial of Plaintiff's request in a letter dated January 11, 2018, albeit on

different grounds.

8.      On July 3, 2018, Plaintiff submitted a related FOIA request to the FBI seeking the following records:

1. **Any and all records related to any investigations or preliminary investigations involving former congressional IT support staffers Abid Awan, Imran Awan, Jamal Awan, Hina R. Alvi and Rao Abbas. As part of this request, searches of records should include, but not be limited to, the FBI automated indices, its older manual indices, and its Electronic Surveillance (ELSUR) Data Management System (EDMS), as well as cross-referenced files.**

2. **All records of communications, including but not limited to emails (whether on .gov or non-.gov email accounts), text messages, instant chats or messages on the Lync system, sent to or from FBI employees, officials or contractors involving the Awan brothers, Ms. Alvi and Mr. Abbas. Records of communications searched should include but not be limited to those between FBI officials, employees and contractors and officials with the Capitol Police, the Office of the Inspector General of the House, and the Office of the Chief Administrative Officer of the House.**

The timeframe for the requested records was identified as "January 2015 to the present."

9.      By a letter dated July 25, 2018, the FBI responded to Plaintiff's request.  The letter referenced the request as FOIAPA Request No. 1377626-001.  The letter stated that the requested records were located in an investigative file and exempt from disclosure.

10.      Following a timely administrative appeal (Appeal No. DOJ-AP-2018-007900), DOJ affirmed the denial of Plaintiff's request in a letter dated September 12, 2018.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

11.      Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12.      Defendant is violating FOIA by failing and/or refusing to search for, identify, and produce any and all non-exempt records responsive to Plaintiff's request.

13.     Plaintiff is being irreparably harmed by Defendant's violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

14.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's request and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  November 7, 2018                          Respectfully submitted,

*/s/  James F. Peterson*
James F. Peterson
D.C. Bar No. 450171
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172

*Counsel for Plaintiff*